IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
THE SIERRA CLUB,**

      **Plaintiffs,**

      v.              **Civil Action No. 1:19-cv-00576**

**BLUESTONE COAL CORPORATION,**

      **Defendant.**

## PLAINTIFFS' RESPONSE IN OPPOSITION TO BLUESTONE COAL'S MOTION FOR PROTECTIVE ORDER

On November 26, 2019, counsel for Bluestone Coal filed a motion for protective order (Doc. 30) seeking to avoid its obligation to timely respond to discovery requests served on November 5, 2019. The motion should be denied because it is facially invalid and does not meet the "good cause" standard of Rule 26(c).

Rule 26(c) of the Federal Rules of Civil Procedure specifically provides that a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Similarly, this Court's Local Rule 37.1 states, "Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer . . . to narrow the areas of disagreement. . . . It shall be the responsibility of counsel for the moving party to arrange the meeting." Bluestone's motion for a protective order does not contain the certification required by Fed R. Civ. P. 26(c). Moreover,

the undersigned Plaintiffs' counsel represents that no such conference occurred and to the best of his knowledge no attempt to confer was made.

Even if the required certification had been provided, the motion should still be denied. Rule 26(c) provides that a court may issue such an order for "good cause." The party moving for a protective order bears the burden of demonstrating that the "good cause" standard is met. *Webb v. Green Tree Servicing LLC,* 283 F.R.D. 276, 279 (D. Md. 2012). "[T]he standard for the issuance of a protective order is high." *Id.* To meet their burden, the moving party "may not rely upon stereotyped and conclusory statements." *Id.* (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (internal quotations omitted)). Instead, the movant must "present a particular and specific demonstration of fact as to why the protective order should issue." *Id.* (quoting *Baron*, 240 F.R.D. at 202).

Here, the only justification provided by the movant is that there are pending motions to dismiss and a pending motion to stay. There is no showing of "annoyance, embarrassment, oppression, or undue burden or expense" as described in Rule 26. Plaintiffs have made their discovery requests pursuant to a scheduling order that was agreed upon by the parties, entered by the Court, and is currently effective. *See* Doc. 21. The Scheduling Order requires Plaintiffs to disclose expert witness reports pursuant to Rule 26(a)(2) no later than February 3, 2020. *Id.* Grant of Bluestone's motion and delay of disclosure will likely prejudice Plaintiffs' ability to conduct discovery prior to their expert disclosure deadline. For example, if Plaintiffs take one week to review the response to the first requests and decide to issue a second set of requests, the responses would be due in mid-January 2020. This would leave only two to three weeks for the development of expert reports.

In conclusion, because Bluestone's motion is facially invalid, because it has not met its burden to establish good cause, and because a grant of the motion is likely to unfairly prejudice Plaintiffs, the motion should be denied.

Respectfully Submitted,

/s/ **Elizabeth A. Bower**
ELIZABETH A. BOWER (WVBN 13583)
DEREK O. TEANEY (WVBN 10223)
APPALACHIAN MOUNTAIN ADVOCATES, INC.
P.O. Box 507
Lewisburg, WV 24901
Telephone: (434) 996-0802
Email: ebower@appalmad.org

J. MICHAEL BECHER (W.Va. Bar 10588)
APPALACHIAN MOUNTAIN ADVOCATES
P.O. Box. 11571
Charleston, WV 25339
304-382-4798
mbecher@appalmad.org

JAMES M. HECKER (DCBN 291740)
PUBLIC JUSTICE
1620 L Street, NW Suite 630
Washington, DC 20036
Telephone: (202) 797-8600, ext. 225
Email: jhecker@publicjustice.net

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
THE SIERRA CLUB,

        Plaintiffs,

v.                           Civil Action No. 1:19-cv-00576

BLUESTONE COAL CORPORATION,

        Defendant.

## CERTIFICATE OF SERVICE

    I, Elizabeth Bower, do hereby certify that on November 27, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to each of the following CM/ECF participants:

MICHAEL W. CAREY
S. BENJAMIN BRYANT
CAREY, SCOTT, DOUGLAS & KESSLER, PLLC
707 Virginia Street, East, Suite 901
P.O. Box 913
Charleston, WV 25323
mwcarey@csdlawfirm.com
sbbryant@csdlawfirm.com

*Counsel for Defendants*

                                        **/s/ Elizabeth A. Bower**
                                        ELIZABETH A. BOWER (WVBN 13583)