IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**OHIO VALLEY ENVIRONMENTAL**
**COALITION, WEST VIRGINIA**
**HIGHLANDS CONSERVANCY,**
**APPALACHIAN VOICES, and**
**THE SIERRA CLUB,**

      **Plaintiffs,**

   v.                                  Civil Action No. 1:19-cv-00576

**BLUESTONE COAL CORPORATION,**

      **Defendant.**

### JOINT MOTION OF THE PARTIES TO STAY PROCEEDINGS PENDING THE COMPLETION OF SETTLEMENT

The Parties hereby move the Court for a stay in proceedings based upon an agreement in principal that they believe will result in the settlement of this action. The Parties request this stay to finalize the appropriate settlement documents.

To allow for the finalization of settlement, the Parties jointly ask the Court to stay all current deadlines in this matter, including the pending Trial Date of October 19, 2020. A stay would support the ongoing settlement negotiation process, conserve litigation resources, and promote the interests of judicial economy. A stay in this context is discretionary with the tribunal and is an exercise of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). When deciding whether to grant a stay, the Court should "weigh competing interests and maintain an even balance between the court's interest in judicial economy and any possible hardship to the parties." *Belize Soc. Dev.*

*Ltd. v. Gov't of Belize,* 668 F.3d 724, 732-33 (D.C. Cir. 2012) (*quoting Landis,* 299 U.S. at 254-55) (internal citations omitted).  Here, the balance of equities among the Parties strongly favors a stay of these proceedings to allow for completion of settlement efforts.  A stay will maintain the *status quo* and conserve the resources of the Parties and this Court while a settlement is finalized.

If the parties are unable to finalize a settlement agreement within 30 days, they will provide a joint status report to the Court no later than Monday November 16, 2020.  Although the Parties fully believe that settlement terms will be finalized, in the event a full settlement cannot be reached either Party may individually move the Court to reinstate a trial schedule after November 16, 2020.  Further, if at any time the Parties jointly conclude that a settlement cannot be finalized, the Parties will immediately inform the Court.

The Parties ask that the stay take effect on the date this Joint Motion is filed and run until the Parties submit appropriate final documents to the Court or the Court grants a motion to reinstate the trial schedule.

A proposed stay order effectuating this motion is enclosed.


Respectfully submitted,


/s/ J. Michael Becher_____
J. Michael Becher (WV Bar No. 10588)
Derek O. Teaney (WV Bar No. 10223)
Appalachian Mountain Advocates
PO Box 507
Lewisburg, WV 24901
(304) 382-4798
dteaney@appalmad.org
mbecher@appalmad.org

James M. Hecker (DC Bar. No. 291740)
Public Justice
1620 L Street NW, Suite 630

Washington, DC 20036
(202) 797-8600
jhecker@publicjustice.net

*Counsel for Plaintiffs*


/s Michael W. Carey
MICHAEL W. CAREY (W.Va. Bar No. 635)
S. BENJAMIN BRYANT (W.Va. Bar No. 520)
CAREY, DOUGLAS, RUBY & KESSLER, PLLC
707 Virginia Street, East, Suite 901
P.O. Box 913
Charleston, WV 25323
mwcarey@csdlaw.com
sbbryant@csdlawfirm.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, J. Michael Becher, hereby certify that, on October 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to each of the following CM/ECF participants:

MICHAEL W. CAREY
S. BENJAMIN BRYANT
CAREY, DOUGLAS, RUBY & KESSLER, PLLC
707 Virginia Street, East, Suite 901
P.O. Box 913
Charleston, WV 25323
mwcarey@csdlaw.com
sbbryant@csdlawfirm.com
*Counsel for Defendants*

/s/ J. Michael Becher_____
J. Michael Becher