# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BLUEFIELD DIVISION

**OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,**

      **Plaintiffs,**

    **v.**                          **Civil Action No. 1:19-cv-00576**

**BLUESTONE COAL CORPORATION,**

      **Defendant.**

### PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, EXPERT WITNESS FEES, AND EXPENSES

Pursuant to FRCP 54(d), 33 U.S.C. § 1365(d), and 30 U.S.C. § 1270(d), Plaintiffs move the Court for an award of attorneys' fees, expert witness fees, and expenses in this case.

After sending their notice of intent to sue and waiting the required 60 days, the Ohio Valley Environmental Coalition, West Virginia Highlands Conservancy, Appalachian Voices, and Sierra Club ("Plaintiffs") filed their Complaint in this Court under § 505 of the Federal Water Pollution Control Act ("CWA"), 33 U.S.C. § 1365, and § 520 of the Surface Mining Control and Reclamation Act ("SMCRA"), 30 U.S.C. § 1270.   Plaintiffs alleged that Bluestone Coal Corporation ("Bluestone"), had discharged pollutants from its Red Fox Surface Mine (the "Mine") in violation of its permits under the CWA and SMCRA.  The Court denied Bluestone's motion to dismiss and granted in most respects Plaintiffs' motion for summary judgment on jurisdictional and liability issues. Doc. 60, 73.  The Court then approved the Parties' consent decree that imposed injunctive relief and monetary sanctions for Bluestone's violations. Doc. 115.

The citizen suit provision of the CWA authorizes the Court, "in issuing any final order in

any action" under that provision, to "award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate." 33 U.S.C. § 1365(d). And the citizen suit provision of SMCRA similarly authorizes the Court to award fees "whenever the court determines such award is appropriate." 30 U.S.C § 1270(d). Plaintiffs are prevailing parties—and a fee award is appropriate—because they have fully prevailed on liability and on remedy as a result of this Court's entry of the Consent Decree. Plaintiffs are therefore entitled to an award of attorneys' fees and expenses.

Rule 54(d)(2)(B)(iii) provides that a fee motion must "state the amount sought or provide a fair estimate of it." Courts calculating an award of attorneys' fees in a fee-shifting case must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Plaintiffs' attorneys' fees lodestar for their work in this case is set forth in the table below:

|  | Total Hours | Hourly Rate | Years of Experience | Fees |
|---|---|---|---|---|
| James Hecker | 167.25 | $475.00 | 43 | $79,443.75 |
| Derek Teaney | 136.1 | $355.00 | 17 | $48,315.50 |
| Michael Becher | 114.5 | $310.00 | 11 | $35,495.00 |
| **Total** | | | | $163,254.25 |

Plaintiffs are also entitled to seek their expert witness fees. Plaintiffs relied on two expert witnesses in this case, Jonathan Schefftz and Wane Schneiter. Their fees are listed in the table below and total $19,044.94.

2

| Expert | Hourly Rate | Total Fees |
|--------|------------:|-----------:|
| Schneiter | $200 | $9,164.94 |
| Schefftz | $190 | $9.880.00 |
| **Total** | | $19,044.94 |

Plaintiffs are also entitled to seek their attorneys' expenses that they reasonably and necessarily incurred in connection with their pursuit of their claims. Compensable expenses are not limited to those taxable as statutory costs, but also include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Based on these principles, the compensable expenses are summarized below:

| | Appalachian Mtn. Adv. | Public Justice | |
|--|--|--|--|
| Filing fee | $400 | | |
| Hecker pro hac fees | | $408.00 | |
| WestLaw research | | 251.96 | |
| Travel expenses | $76.55 | | |
| Postage | $2.60 | | |
| Transcripts | $2,325.38 | | |
| Water sampling | $1,549.26 | | |
| **Subtotals** | **$4,353.79** | **$659.96** | |
| **Total Expenses** | | | **$5,013.75** |

Pursuant to Rule 54(d)(2)(B)(iv), Plaintiffs state that their fee agreement with their attorneys provides that payment of attorneys' fees in this case is contingent on their success in this case and on an award of fees by the Court under fee-shifting provision in 33 U.S.C. § 1365(d) and 30 U.S.C. § 1270(d).

3

Respectfully submitted,


**/s/ J. Michael Becher**
J. MICHAEL BECHER (WVBN 10588)
DEREK O. TEANEY (WVBN 10223)
APPALACHIAN MOUNTAIN ADVOCATES, INC.
P.O. Box 507
Lewisburg, WV 24901
Telephone:    (304) 382-4798
Email: mbecher@appalmad.org

JAMES M. HECKER (*pro hac vice*)
PUBLIC JUSTICE
1620 L Street, NW Suite 630
Washington, DC 20036
Telephone:    (202) 797-8600, ext. 225
Email: jhecker@publicjustice.net

*Counsel for Plaintiffs*

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

**OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
THE SIERRA CLUB,**

        **Plaintiffs,**

**v.**                                                      **Civil Action No. 1:19-cv-00576**

**BLUESTONE COAL CORPORATION,**

        **Defendant.**

### CERTIFICATE OF SERVICE

I, J. Michael Becher, hereby certify that, on February 24, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to each of the following CM/ECF participants:

MICHAEL W. CAREY
S. BENJAMIN BRYANT
CAREY, SCOTT, DOUGLAS & KESSLER, PLLC
707 Virginia Street, East, Suite 901
P.O. Box 913
Charleston, WV 25323
mwcarey@csdlaw.com
sbbryant@csdlawfirm.com
*Counsel for Defendants*

                                    **/s/ J. Michael Becher**
                                    J. Michael Becher (WVBN 10588)