IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
THE SIERRA CLUB,

        Plaintiffs,

        v.                                 Civil Action No. 1:19-cv-00576

BLUESTONE COAL CORPORATION,

        Defendant.

**DECLARATION OF DEREK O. TEANEY**

I, Derek O. Teaney, declare as follows:

1.      My name is Derek O. Teaney, and I reside in Greenbrier County, West Virginia.

2.      I represented Plaintiffs before the United States District Court for the Southern District of West Virginia in this litigation.

3.      I am a member of the West Virginia State Bar and have been continuously since September 2006.

3.      I am also a member of the Oregon State Bar and have been continuously since September 2004, although my membership has been in an inactive status since January 2007.

4.      I have been admitted to practice before the United States Court of Appeals for the District of Columbia Circuit, the United States Court of Appeals for the Fourth Circuit, the United States District Court for the Southern District of West Virginia, and the United States District Court for the Northern District of West Virginia.  I have appeared pro hac vice before the United States District Court for the District of Columbia, the United States District Court for the

1

Eastern District of Kentucky, and the United States District Court for the Western District of Virginia.

5.      I represented Plaintiffs before the United States District Court for the Southern District of West Virginia and the United States Court of Appeals for the Fourth Circuit in this litigation.

**Education**

6.      I graduated from the University of San Diego in 1997 and from Northwestern School of Law of Lewis and Clark College in 2004.  I was the valedictorian of my law school class.

7.      During law school, I served as Editor-in-Chief of the law review Environmental Law.

8.      My legal publications include

a.  *Originalism as a Shot in the Arm for Land-Use Regulation: Regulatory "Takings" are not Compensable Under a Traditional Originalist View of Article I, Section 18 of the Oregon Constitution*, 40 WILLAMETTE L. REV. 529 (2004) (cited in *Coast Range Conifers LLC v. State*, 189 Or. App. 531, 76 P.3d 1148 (2003)).

b.  *The Insignificant Killer Whale: A Case Study of Inherent Flaws in the Wildlife Services' Distinct Population Segment Policy and a Proposed Solution*, 34 ENVTL. L. 647 (2004) (cited in *Northwest Environmental Advocates v. U.S. Fish & Wildlife Serv.*, 2004 WL 1774559 (D. Or. 2004)).

**Professional Background**

9.      From August 2004 through August 2006, I served as a judicial clerk to the Honorable Rex Armstrong of the Oregon Court of Appeals.

10.      In 2006, I was awarded an Equal Justice Works Fellowship to work on environmental justice issues related to coal mining in West Virginia.  I served as an Equal Justice

Works fellow with the Appalachian Center for the Economy and the Environment from September 2006 through September 2008.

11.    From September 2008 to August 2009, I served as a Staff Attorney at the Appalachian Center for the Economy and the Environment.

12.    From September 2009 to September 2011, I served as a Senior Attorney at the Appalachian Center for the Economy and the Environment.  In September 2011, the organization by which I am employed changed its name to Appalachian Mountain Advocates, and I served as a Senior Attorney for the Appalachian Mountain Advocates from that time to November 2020.

13.    In November 2020, I was named the Deputy Director of Appalachian Mountain Advocates, and have served in that role from that time to the present.

14.    My practice has involved civil actions and appeals in federal and state courts and State administrative review boards.  Geographically, the scope of my practice has encompassed matters arising or litigated in West Virginia, Kentucky, Tennessee, Virginia, and the District of Columbia.

15.    My practice has focused primarily on the representation of environmental groups in judicial and administrative litigation with environmental regulators and polluters.

16.    In the course of my practice, I have served as lead counsel or played a major role in litigation that resulted in twenty-five reported decisions of federal district and appellate courts and state appellate court and numerous unreported decisions of federal and state appellate and trial courts.  The reported decisions in which I served as lead counsel or played a major role include Ohio Valley Environmental Coalition et al. v. Apogee Coal Co., LLC, 555 F. Supp. 2d 640 (S.D. W. Va. 2008); West Virginia Highlands Conservancy et al. v. Johnson et al., 540 F. Supp. 2d 125 (D.D.C. 2008); Ohio Valley Environmental Coalition et al. v. Apogee Coal Co.,

LLC, 531 F. Supp. 2d 747 (S.D. W. Va. 2008); Sierra Club v. Powellton Coal Co., LLC, 662 F. Supp. 2d 514 (S.D. W. Va. 2009); Ohio Valley Environmental Coalition, Inc. v. Hobet Mining, LLC, 702 F. Supp. 2d 644 (S.D. W. Va. 2010); Ohio Valley Environmental Coalition, Inc. v. Hobet Mining, LLC, 723 F. Supp. 2d 886 (S.D. W.Va. 2010); Ohio Valley Environmental Coalition, Inc. v. Apogee Coal Co., 744 F. Supp. 2d 561 (S.D. W. Va. 2010); Ohio Valley Environmental Coalition et al. v. Coal-Mac, Inc., 775 F. Supp. 2d 900 (S.D. W.Va. 2011); Sierra Club v. ICG Eastern, LLC, 833 F. Supp. 2d 571 (N.D. W. Va. 2011); Ohio Valley Environmental Coalition, Inc. v. Marfork Coal Co., Inc., 966 F. Supp. 2d 667 (S.D. W. Va. 2013); Ohio Valley Environmental Coalition, Inc. v. Alex Energy, Inc., 12 F. Supp. 3d 844 (S.D. W. Va. 2014); Southern Appalachian Mountain Stewards v. A & G. Coal Corp., 758 F.3d 560 (4th Cir. 2014); McCurdy v. Mountain Valley Pipeline, LLC, 105 F. Supp. 3d 606 (S.D. W. Va. 2015), rev'd on reconsideration 2015 WL 4497407 (S.D. W. Va. July 23, 2015); Ohio Valley Environmental Coalition, Inc. v. McCarthy, 313 F.R.D. 10 (S.D. W. Va. 2015); EQT Production Co. v. Wender, 191 F. Supp. 3d 583 (S.D. W. Va. 2016); Mountain Valley Pipeline, LLC v. McCurdy, 238 W. Va. 200, 793 S.E. 2d 850 (2016); EQT Production Co. v. Wender, 870 F.3d 322 (4th Cir. 2017); Mountain Valley Pipeline, LLC v. Simmons, 307 F.Supp.3d 506 (N.D. W. Va. 2018); Ohio Valley Envtl. Coal., Inc. v. Pruitt, 893 F.3d 225 (4th Cir. 2018); Sierra Club v. U.S. Army Corps of Eng'rs, 905 F.3d 285 (4th Cir. 2018); Sierra Club v. U.S. Army Corps of Eng'rs, 909 F.3d 635 (4th Cir. 2018); Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, 915 F.3d 197 (4th Cir. 2019); Ohio Valley Environmental Coalition, Inc. v. Wheeler, 387 F.Supp.3d 654 (S.D. W. Va. 2019); Allegheny Defense Project v. Federal Energy Regulatory Comm'n, 964 F.3d 1 (D.C. Cir. 2020); Sierra Club v. U.S. Army Corps of Eng'rs, 981 F.3d 251 (4th Cir. 2020).

17.     My practice's specialized focus in complex environmental litigation has required me to develop significant, specialized knowledge of environmental statutes, administrative law, and scientific, engineering, financial, and ecological information.

18.     I have been asked to participate in numerous panels on environmental law, for which attendees could receive continuing legal education credit, including the Public Interest Environmental Law Conference in Eugene, Oregon, the 2010 Conference of Governmental Mining Attorneys in Pittsburgh, Pennsylvania, and the 2011 Citizen's Coal Council SMCRA Legal Training in Pittsburgh, Pennsylvania.  I was also a speaker at Yale Law School's 2014 Rebellious Lawyering Conference.

19.     From January 2019 through the present, I have been an Adjunct Professor of Law at Washington and Lee University School of Law. The courses I have taught include *Advanced Federal Procedure in Environmental Litigation* and *Environmental Law*.

20.     In its litigation efforts, Appalachian Mountain Advocates represents clients who do not have the financial capability of paying attorney fees at prevailing market rates. Appalachian Mountain Advocates's interest in the proper enforcement of environmental statutes and regulations leads it to accept compensation exclusively for whatever fee award may result from the litigation.

21.     My hourly rate in fee awards has increased progressively over time from $165.00 per hour in 2006 to $355.00 in 2020.

22.     Under the citizen suit provisions of federal environmental statutes, courts may order defendants to pay the fees of plaintiffs' attorneys in cases in which plaintiffs are successful. Appalachian Mountain Advocates has received fees under these provisions in both contested fee

5

disputes and in consent decrees in citizen suits.  The defendants in the consent decrees willingly paid these fees after arms-length, and sometimes contentious, negotiations.

23.     In March 2009, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition v. Apogee Coal Co., LLC, based on an hourly rate of $180.00.

24.     In May 2009, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Hominy Creek Preservation Association v. Green Valley Coal Co., based on an hourly rate of $180.00.

25.     In October 2009, the West Virginia Surface Mine Board issue an Order that included a fee award for my services in Sierra Club v. Clarke, Appeal No. 2009-01-SMB, based on an hourly rate of $180.00.

26.     In June 2010, the Fayette County Circuit Court issued an order on a fee petition that expressly found that $180 and $190 per hour were reasonable rates for my legal services performed in 2009.

27.     In October 2010, Patriot Coal Corporation agreed to a settlement that included a negotiated settlement of a fee award for my services in Ohio Valley Environmental Coalition v. Apogee Coal Company and Ohio Valley Environmental Coalition v. Hobet Mining, LLC, based on a compromised hourly rate of $205.00.

28.     In November 2010, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Sierra Club v. Powellton Coal Co., based on an hourly rate of $215.00.

29.    In January 2011, the United States District Court for the Southern District of West Virginia entered an order resolving a contested fee award that included a fee award for my services in W. Va. Highlands Conservancy v. Huffman, based on an hourly rate of $215.00.

30.    In May 2011, the United States District Court for the Northern District of West Virginia entered an order resolving a contested fee award that included a fee award for my services in W. Va. Highlands Conservancy v. Huffman, based on an hourly rate of $215.00.

31.    In December 2011, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition, Inc. v. Coal-Mac, Inc., based on an hourly rate of $235.00.

32.    In January 2012, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition, Inc. v. Independence Coal Co., Inc., based on an hourly rate of $235.00.

33.    In February 2012, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Sierra Club v. Fola Coal Co. based on an hourly rate of $235.00.

34.    In March 2012, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition, Inc. v. Patriot Coal Corp., based on an hourly rate of $250.00.

35.    In June 2012, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition, Inc. v. Maple Coal Co. based on an hourly rate of $250.00.

36.     In November 2012, the West Virginia Supreme Court of Appeals adopted and ordered a stipulation that included a fee award for my services in Hominy Creek Preservation Ass'n v. W. Va. Dep't of Envtl. Protection, No. 11-0749, based on an hourly rate of $275.00.

37.     In July 2013, Fola Coal Company paid my fees for monitoring its implementation of a Consent Decree based on an hourly rate of $285.00.

38.     In July 2013, Arch Coal paid my fees for monitoring its implementation of a Consent Decree based on an hourly rate of $285.00

39.     In July 2013, Patriot Coal Corporation agreed to pay my fees for monitoring its implementation of a Consent Decree based on an hourly rate of $285.00.

40.     On October 2, 2014, the United States District Court for the Western District of Virginia issued an opinion and order on a contested fee petition that expressly found that $295 per hour was a reasonable rate for my legal services performed related to the United States Court of Appeals' decision in Southern Appalachian Mountain Stewards v. A & G Coal Corp., 758 F.3d 560 (2014).

41.     On January 7, 2015, the Circuit Court of Kanawha County, West Virginia entered an Agreed Order Granting Petition for Attorney Fees and Costs against the West Virginia Department of Environmental Protection that expressly found that $295 per hour was a reasonable rate for my legal services performed in litigating a Freedom of Information Act action against the West Virginia Department of Environmental Protection.

42.     On February 2, 2015, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition, Inc. v. Elk Run Coal Co., Inc., Civ. No 3:12-cv-785 (S.D. W. Va.), based on an hourly rate of $295.00.

43. On February 2, 2015, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition, Inc. v. CONSOL of Kentucky, Inc., Civ. No. 2:13-cv-5005 (S.D. W. Va.), based on an hourly rate of $295.00.

44. On February 2, 2015, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition, Inc. v. Fola Coal Co., LLC, Civ. No. 2:12-cv-3750 (S.D. W. Va.), based on an hourly rate of $295.00.

45. On February 2, 2015, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition, Inc. v. Alex Energy, Inc., Civ. No. 2:12-cv-3412 (S.D. W. Va.), based on an hourly rate of $295.00.

46. On November 30, 2015, the United States District Court for the Southern District of West Virginia approved a Consent Decree that included a fee award for my services provided prior to July 1, 2015, in W. Va. Highlands Conservancy v. Pocahontas Land Corp., Civ. No. 2:13-cv-12500 (S.D. W. Va.), based on an hourly rate of $295.00.

47. On September 9, 2016, the United States District Court for the Northern District of West Virginia approved a Consent Decree that included a fee award for my services provided prior to July 1, 2016, in Sierra Club v. HPSD, LLC, Civ. No. 1:16-cv-25 (N.D. W. Va.), based on an hourly rate of $305.00.

48. As of July 1, 2016, I raised my hourly rate to $315.00.

49. As of July 1, 2017, I raised my hourly rate to $325.00.

50.     On October 10, 2017, Magistrate Judge Aloi of the United States District Court for the Northern District of West Virginia issued an order granting a disputed fee motion in West Virginia Highlands Conservancy et al. v. Caperton, Civ. No. 1:16-cv-70, Doc. # 51 (N.D. W. Va. Oct. 10, 2017), in which he found my hourly rate of $325 per hour was a reasonable rate for my legal services.

51.     As of July 1, 2018, I raised my hourly rate to $335.00.

52.     On February 22, 2019, the United States District Court for the Southern District of West Virginia issued an order granting a disputed fee motion in West Virginia Highlands Conservancy et al v. Caperton, Civ. No. 2:16-cv-03769, 2019 WL 908236 (S.D. W. Va. Feb. 22, 2019), in which the Court found my hourly rate of $325 per hour was a reasonable rate for my legal services provided prior to July 1, 2018.

53.     As of July 1, 2019, I raised my hourly rate to $345.00.

54.     On January 15, 2020, the United States District Court for the Southern District of West Virginia issued an order granting a disputed fee motion in Ohio Valley Environmental Coalition v. Wheeler, Civ. No. 3:15-cv-271, 2020 WL 247312 (S.D. W. Va. Jan. 15, 2020), in which the Court found my hourly rate of $335 per hour was a reasonable rate for my legal services provided between July 1, 2018, and June 30, 2019.

55.     As of July 1, 2020, I raised my hourly rate to $355.00.

56.     On January 26, 2021, the United States District Court for the Northern District of West Virginia approved a Consent Decree that included a fee award for my services in Ohio Valley Environmental Coalition, Inc. v. Eagle Natrium, LLC, Civ. No. 5:19-cv-236 (N.D. W. Va.), based on an hourly rate of $355.00.

10

56.    The spreadsheet appended to this Declaration as Exhibit A itemizes the tasks I performed related to this action and the time that I spent on each.  Exhibit A reflects both my contemporaneous billing judgment and the comprehensive billing judgment, which I exercise at the conclusion of litigation.  I review my timesheets when I prepare billing statements and exclude any time that, although duly recorded and productively spent, would in my judgment result in an excessive bill in light of the nature of the project or the result obtained.

57.    The hours that I expended in this action can be organized into the following thirteen (13) categories:

(a).    **Motion to Dismiss.** I assisted in the drafting and filing of Plaintiffs' response to Defendant's motion to dismiss which the Court denied. CM/ECF #60.

(b).    **Scheduling and Document Discovery.** I participated in the preparation and service of Rule 26(a)(1) initial disclosures, a Rule 26(f) report, and document requests to Bluestone. I also spent time responding to Bluestone's document requests and interrogatories, and reviewed the documents that Bluestone produced.

(c).    **Discovery Motions.** I participated in opposition to Bluestone's motion to stay discovery and motion for a protective order, which the Court denied. CM/ECF #39. I also drafted, filed, and argued a motion to compel Bluestone's response to Plaintiffs' document requests after Bluestone agreed to a deadline for responding to those requests. Id.

(d).  **Fact Depositions.** I took a fact deposition of one of Bluestone's employees to determine the history of permit noncompliance and corrective actions.

(e).  **Expert Reports, Disclosures, and Depositions.** I worked with Plaintiffs' two experts—an engineering expert on the remedies for noncompliance and an economic expert on the economic benefit of delayed compliance— and participated in the preparation and services of their expert disclosures and initial and rebuttal expert reports. I also participated in the analysis of the report by Bluestone's expert and assisted in the preparation for his deposition. I also defended the deposition of Plaintiffs' engineering expert.

(f).  **Summary Judgment Motions.** I participated in briefing Plaintiffs' motion for summary judgment on jurisdiction on liability and responding to Bluestone's cross-motion for summary judgment. The Court granted nearly all of Plaintiffs' motion (except for the standing of one of the four Plaintiffs) and denied Bluestone's motion. CM/ECF #73.

(g).  **Defendant's Permit Reissuance.** I consulted with Plaintiff Appalachian Voices regarding public comments on the proposed reissuance of Bluestone's permit with revised selenium limits, on which reissuance Bluestone relied as a potential defense in this action.

(h).  **Pretrial Disclosures, Motions, and Order.** I participated in the preparation of initial and supplemental Rule 26(a)(3) disclosures, the drafting of Plaintiffs' portion of the pretrial order, and trial preparation.

(i).　**<u>Motions to Stay and Continue Trial</u>.** I participated in the drafting, filing, and arguing of Plaintiffs' opposition to Bluestone's motions to stay and continue the trial. The Court denied the stay, but then granted a short continuance. CM/ECF Nos. 99, 103.

(j).　**<u>Motion to Exclude</u>.** I participated in the drafting and filing of late disclosed information related to the expert testimony by Bluestone's expert Barry Doss. The Court did not decide this motion before the parties reached a settlement.

(k).　**<u>Plaintiffs' Proposed Finding and Conclusions</u>.** I participated in the drafting of a 17-page brief of proposed findings of fact and conclusions of law for Plaintiffs' claims.

(l).　**<u>Settlement and Consent Decree</u>.** I participated in negotiating and drafting a consent decree that imposed injunctive relief and monetary sanctions for the permit violations alleged by Plaintiffs. The Court approved and entered the decree.

(m).　**<u>Attorneys' Fees</u>.** I participated in the preparation of a motion for fees and costs and the supporting brief, fee records, and attorney declaration.

58.　Based on the above, and the dates of the services provided, I am seeking an award for 136.1 hours of attorney time at the hourly rate of $355 per hour, for a total of $48,315.50 in attorney's fees.

59.　Plaintiffs incurred fees related to their retention of the two expert witnesses described above in Paragraph 57(e). Those fees are listed in the table below and total $19,044.94.

| Expert | Hourly Rate | Total Fees |
|---|---|---|
| Schneiter | $200 | $9,164.94 |
| Schefftz | $190 | $9.880.00 |
| **Total** | | **$19,044.94** |

60.    In addition to the costs and expenses set out in the Declaration of James M. Hecker, Plaintiffs incurred $696.59 in costs as a result of this litigation. These expenses are of a type that would routinely be paid by the client in litigation. These costs are summarized in the table below:

| Item | Amount |
|---|---|
| Filing Fee for Complaint | $400.00 |
| Travel Expenses for Attending Oral Argument on Defendant's Stay Motion in Bluefield, WV | $76.55 |
| Postage to Serve Expert Disclosures | $2.60 |
| Transcripts of Depositions | $2,325.38 |
| Water Sampling of Defendant's Discharges | $1,549.26 |
| **Total Costs through Appalachian Mountain Advocates** | **$4,353.79** |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 18, 2021

Derek O. Teaney

14

**EXHIBIT A TO TEANEY DECLARATION, TABLE OF HOURS**

| DATE | CATEGORY | TASK | HOURS |
|---|---|---|---|
| 10/3/19 | Motion to Dismiss | Editing draft response to motion to dismiss. | 0.2 |
| 10/9/19 | Motion to Dismiss | Editing, finalizing and filing response to motion to dismiss | 4.8 |
| 11/18/19 | Scheduling and document discovery | Finalizing document production for 26a1 disclosure | 1.5 |
| 11/21/19 | Discovery motions | Editing response to motion to stay | 1 |
| 12/30/19 | Discovery motions | Drafting and sending FRCP 37 letter to defendant regarding discovery response | 2.9 |
| 12/30/19 | Discovery motions | Call with opposing counsel to schedule Rule 37 conference | 0.2 |
| 1/2/20 | Discovery motions | Preparing for and participating in Rule 37 conference with opposing counsel | 1 |
| 1/9/20 | Discovery motions | Drafting motion to compel | 4.4 |
| 1/10/20 | Discovery motions | Drafting memo in support of motion to compel and declaration in support of motion to compel | 2 |
| 1/10/20 | Discovery motions | FINALIZED AND FILED MOTION TO COMPEL | 0.7 |
| 1/13/20 | Discovery motions | Attended telephonic call with magistrate; discussed outcome with cocounsel | 0.8 |
| 1/14/20 | Scheduling and document discovery | Call with cocounsel and expert witness to discuss schedule; emailed magistrate judge's clerk to confirm revised schedule; emailed documents to expert witness; emailed cocounsel to advise on case developments | 0.6 |
| 2/18/20 | Experts | Reviewing expert report | 0.3 |
| 2/27/20 | Experts | Reviewing near final draft of economic exert report | 0.2 |
| 2/28/20 | Experts | Finalized and served rule 26(a)(2) disclosures | 0.8 |
| 3/18/20 | Fact Depositions | Prepping for deposition through document review | 1.8 |
| 3/19/20 | Fact Depositions | Document review in advance of deposition | 1.4 |
| 3/19/20 | Fact Depositions | Thirty minute phone call with co-counsel Jim Hecker and Mike Becher to prepare for deposition. One hour of document review and preparation of exhibits for deposition. Emailed potential exhibits to opposing counsel and court reporter. | 1.5 |
| 3/20/20 | Fact Depositions | Preparing for and conducting deposition of George Stephens | 3.5 |
| 3/24/20 | Scheduling and document discovery | Preparing response to Bluestone's discovery requests | 1 |
| 3/24/20 | Scheduling and document discovery | Working on draft discovery response and seeking input from cocounsel | 3.1 |
| 3/25/20 | Scheduling and document discovery | Finalizing and filing discovery responses | 0.4 |
| 3/26/20 | Experts | Reviewing expert report provided by Bluestone and emailing our experts and my cocounsel about that report | 0.4 |
| 3/26/20 | Experts | Strategy and status call with cocounsel (Hecker, Lovett, Becher, Bower) | 0.6 |
| 4/7/20 | Experts | Preparing, serving, and filing rebuttal expert report | 0.5 |
| 4/16/20 | Experts | Prepared expert witness Schneiter for deposition | 0.5 |
| 4/17/20 | Experts | Prepared for and defended Schneiter deposition by telephone | 4 |

| Date | Category | Description | Hours |
|---|---|---|---|
| 4/26/20 | Scheduling and document discovery | Conferred with cocounsel (Hecker, Becher) regarding Bryant's 4/25/2020 email re: mediation | 0.1 |
| 4/27/20 | Scheduling and document discovery | Responded to Bryant's 4/25/2020 email re: mediation | 0.1 |
| 5/1/20 | Summary judgment motions | Reviewing and editing draft memorandum in support of motion for summary judgment and communicating about it with MB and JH | 3.5 |
| 5/4/20 | Summary judgment motions | Reviewing and editing the next iteration of the draft memorandum in support of motion for summary judgment and communicating about it with MB and JH | 2 |
| 5/4/20 | Summary judgment motions | Composed and sent email to opposing counsel Bryant re: removing confidential designation from certain discovery documents | 0.1 |
| 5/7/20 | Summary judgment motions | Finalizing my edits to motion for summary judgment and memo in support of motion for summary judgment | 2.5 |
| 5/15/20 | Summary judgment motions | Reviewing draft response to Defendant's motion for summary judgment and providing comments to JH | 1.5 |
| 5/15/20 | Summary judgment motions | Drafting declarations for expert witnesses to submit in opposition to Defendant's motion for summary judgment and obtaining signed copies of those declarations | 1 |
| 5/18/20 | Summary judgment motions | Editing revised version of response to motion for summary judgment | 1.5 |
| 5/22/20 | Summary judgment motions | Made final revisions to the substance of the response to motion for summary judgment. Finalized exhibits. Finalized response. Filed with the court. | 2 |
| 6/3/20 | Motion to dismiss | Reviewing order denying motion to dismiss and emailing to clients | 0.5 |
| 6/17/20 | Settlement and consent decree | Telephone call with co counsel (JL, MB, JH) to diiscuss upcoming trial | 0.5 |
| 6/17/20 | Settlement and consent decree | Composed and sent email to opposing counsel Bryant re: scheduling a settlement discussion | 0.1 |
| 6/18/20 | Settlement and consent decree | Phone call with opposing counsel Bryant to discuss scheduling a settlement discussion | 0.2 |
| 7/1/20 | Settlement and consent decree | Call with cocounsel (Becher, Hecker, Lovett) to discuss upcoming settlement call | 0.5 |
| 7/1/20 | Settlement and consent decree | Settlement call with opposing counsel | 0.5 |
| 7/1/20 | Settlement and consent decree | Call with Peter Morgan at Sierra Club to update him on settlement discussions | 0.3 |
| 7/1/20 | Settlement and consent decree | Took call from opposing counsel with clarifying question regarding settlement discussions, called co counsel Mike Becher to ask him to send information to opposing counsel | 0.1 |
| 7/1/20 | Attorneys' fees and costs | Compiling hours and tasks | 1 |

| Date | Category | Description | Hours |
|---|---|---|---|
| 7/2/20 | Pretrial disclosures, motions, and order | Phone call with opposing counsel Bryant regarding 26(a)(3) deadline; reviewed local rules to determine whether extension Bryant proposed was permissible; emailed co-counsel to determine their position on extension; emailed Bryant to offer agreement to extension to 7/10/20 | 0.3 |
| 7/6/20 | Experts | Read Doss deposition transcript | 1.1 |
| 7/9/20 | Pretrial disclosures, motions, and order | Reviewed draft pretrial order and forwarded comments on it to cocounsel | 0.2 |
| 7/20/20 | Experts | Responding to email inquiry from engineering expert WS regarding trial logistics | 0.2 |
| 7/20/20 | Pretrial disclosures, motions, and order | Listened to voicemail from opposing counsel; sent email responding to his inquiries re Lusk and pretrial | 0.2 |
| 7/20/20 | Pretrial disclosures, motions, and order | Drafting motion to appear remotely at pretrial conference | 1.2 |
| 7/21/20 | Pretrial disclosures, motions, and order | Finalized and filed motion to appear remotely at pretrial conference | 0.2 |
| 7/23/20 | Motions to stay and continue trial | Strategy call with JH and MB to discuss recent developments in case | 1.6 |
| 7/23/20 | Motions to stay and continue trial | Took phone call from Ben Bryant to discuss upcoming trial | 0.2 |
| 7/27/20 | Motions to stay and continue trial | Reviewing Defendant's motion for continuance, discussing with cocounsel, and drafting and filing response to motion | 0.8 |
| 7/27/20 | Plaintiffs' proposed findings and conclusions | Reviewing and editing draft PFOFCOL prepared by co counsel Jim Hecher | 0.8 |
| 7/27/20 | Plaintiffs' proposed findings and conclusions | Commenting on various proposed revisions to PFOFCOL | 1.5 |
| 7/27/20 | Plaintiffs' proposed findings and conclusions | Phone call with Mike Becher to prepare for pretrial conference and to discuss PFOFCOL | 1 |
| 7/27/20 | Summary judgment motions | Reviewing order granting motion for summary judgment and communicating with clients and cocounsel about it | 1 |
| 7/27/20 | Pretrial disclosures, motions, and order | Reading Tull v. US in preparation for pretrial conference | 0.3 |
| 7/27/20 | Pretrial disclosures, motions, and order | Researching FRCP 37(c) caselaw | 0.1 |
| 7/27/20 | Pretrial disclosures, motions, and order | Phone call with cocounsel Mike Becher and Joe Lovett to discuss pretrial conference preparation | 0.3 |
| 7/28/20 | Motions to stay and continue trial | Reviewing discharge data regarding 006 in light of Bryant's statements in his reply in support of his motion to continue | 0.3 |
| 7/28/20 | Motion to exclude | Creating table of late disclosed evidence | 0.3 |
| 7/28/20 | Plaintiffs' proposed findings and conclusions | Researching CWA case law on effect of permit modification on claims for civil penalties | 1.9 |

| | | | |
|---|---|---|---|
| 7/28/20 | Defendant's permit reissuancee | Corresponded via email with cocounsel (MB) and client (ES at AV) to set up call to discuss commenting on draft permit | 0.1 |
| 7/28/20 | Defendant's permit reissuancee | Discussion with Erin Savage of App Voices on phone re commenting on permit modification | 0.3 |
| 7/28/20 | Pretrial disclosures, motions, and order | Searching DEP database of Bluestone's 2Q20 DMRs, emailing co counsel to discuss absence of these data from disclosures | 0.3 |
| 7/29/20 | Motions to stay and continue trial | Strategy call with JH and MB regarding how to proceed during term of continuance | 0.8 |
| 7/29/20 | Settlement and consent decree | Call with co-counsel JL to discuss settlement possibilities. Emailed Ben Bryant to set up settlement call | 0.2 |
| 7/30/20 | Motion to exclude | Commenting on draft email to opposing counsel requesting that Defendant comply with obligations to supplement discovery | 0.4 |
| 7/30/20 | Settlement and consent decree | Call with cocounsel JL to prepare for settlement call with opposing counsel | 0.1 |
| 7/30/20 | Settlement and consent decree | Call with co-counsel MB to update him on settlement call | 0.4 |
| 7/30/20 | Settlement and consent decree | Post mortem call with co counsel JL to touch base after settlement call | 0.1 |
| 7/30/20 | Settlement and consent decree | Settlement call with Opposing counse BB (joined by cocounsel JL) | 0.4 |
| 8/7/20 | Settlement and consent decree | Discussed opposing counsel's position on settlement and discovery with Mike Becher via phone and sent email regarding those positions to | 0.2 |
| 8/7/20 | Settlement and consent decree | Sent email to Ben Bryant inquiring as to Defendant's position on settlement and overdue supplements to discovery | 0.1 |
| 8/7/20 | Settlement and consent decree | Took call from opposing counsel re settlement and outstanding discovery issues. | 0.1 |
| 8/25/20 | Motion to exclude | Downloading and quickly reviewing supplemental discovery response | 0.2 |
| 9/1/20 | Motion to exclude | Reviewing most recent supplement to discovery response | 0.1 |
| 9/1/20 | Plaintiffs' proposed findings and conclusions | Phone call with co counsel JL JH MB to discuss FOFCOL | 0.2 |
| 9/1/20 | Experts | Reviewing part of Doss deposition transcript | 0.4 |
| 9/2/20 | Plaintiffs' proposed findings and conclusions | Revising latest draft of proposed FOFCOL | 0.8 |
| 9/3/20 | Motion to exclude | Revising and commenting on MB's draft motion to exclude | 0.7 |
| 9/4/20 | Motions to stay and continue trial | Researching and drafting response to motion for stay | 8.2 |
| 9/8/20 | Motions to stay and continue trial | Emailing co-counsel JH about my review of ACO and about the draft response to the stay motion | 0.2 |
| 9/8/20 | Motions to stay and continue trial | Calculating selenium violation percentage of total violations assessed in the ACO | 0.2 |

| Date | Category | Description | Hours |
|---|---|---|---|
| 9/8/20 | Motions to stay and continue trial | Revising draft response to motion to stay based on additional comments from co-counsel | 0.8 |
| 9/8/20 | Motions to stay and continue trial | Close review of Draft ACO to try to determine assessment applicable to selenium violations. | 0.5 |
| 9/8/20 | Motions to stay and continue trial | Revising draft response to motion for stay based on input from co counsel | 2.3 |
| 9/8/20 | Motions to stay and continue trial | Emailing co counsel JH about the structure of the stay response brief | 0.4 |
| 9/9/20 | Motions to stay and continue trial | Revising response to motion for stay to apply the strategy agreed upon in conference call with co-counsel | 1.7 |
| 9/9/20 | Motions to stay and continue trial | Reviewing edits to stay response brief from co-counsel JH | 0.9 |
| 9/9/20 | Motions to stay and continue trial | Call with co-counsel to discuss response to stay motion | 0.8 |
| 9/10/20 | Motions to stay and continue trial | Call with client counsel PM to discuss status of case | 0.4 |
| 9/10/20 | Motions to stay and continue trial | Finalized and filed response to motion to stay | 1 |
| 9/15/20 | Motions to stay and continue trial | Outlining potential surreply and researching response to reply for surreply and/or 9/23 argument | 1.5 |
| 9/15/20 | Motions to stay and continue trial | Reviewing reply in support of stay motion and phone call with co counsel MB about that pleading | 0.5 |
| 9/16/20 | Motions to stay and continue trial | Emailing clients regarding case developments | 0.2 |
| 9/16/20 | Motions to stay and continue trial | Drafting surreply in opposition to stay motion | 2.8 |
| 9/16/20 | Motions to stay and continue trial | Revising surreply based on comments from JL and JH | 1.1 |
| 9/17/20 | Motions to stay and continue trial | Discussing surreply with cocounsel and revising in accordance with discussion | 1 |
| 9/18/20 | Motion to exclude | Reading transcript of Lusk deposition | 0.5 |
| 9/21/20 | Motions to stay and continue trial | Reviewing stay materials in preparation for oral argument | 1 |
| 9/21/20 | Motion to exclude | Reading Doss Transcript to understand Defendant's response to our motion to exclude | 1 |
| 9/21/20 | Motion to exclude | Reviewing motion to exclude in advance of oral argument | 0.1 |
| 9/21/20 | Motion to exclude | Reading Schneiter report and transcript in light of possible argument on motion to exclude on 9/23 | 0.7 |
| 9/22/20 | Motions to stay and continue trial | Studying Laidlaw in advance of oral argument | 0.4 |

| Date | Category | Description | Hours |
|---|---|---|---|
| 9/22/20 | Motions to stay and continue trial | Studying the Hobet I and II decisions in preparation for oral argument | 1.5 |
| 9/22/20 | Motions to stay and continue trial | Producing notes and reviewing briefing in preparation for argument on motion for stay | 1.5 |
| 9/22/20 | Motion to exclude | Reviewing motion to exclude arguments in prep for potential argument on 9/23 | 0.2 |
| 9/23/20 | Motions to stay and continue trial | Travel to and participation in oral argument on stay motion | 5 |
| 9/25/20 | Motion to exclude | Editing reply in support of motion to exclude | 0.5 |
| 10/6/20 | Motions to stay and continue trial | Reading court order denying Defendant's motion for stay and setting 10/15 bench trial | 0.1 |
| 10/6/20 | Pretrial disclosures, motions, and order | Call with co-counsel Mike Becher re 10/15 trial | 0.1 |
| 10/6/20 | Pretrial disclosures, motions, and order | Emailed expert witnesses re 10/15 trial | 0.1 |
| 10/6/20 | Pretrial disclosures, motions, and order | Responded to email from expert witness JS regarding 10/15 trial | 0.1 |
| 10/6/20 | Settlement and consent decree | Call with Joe Lovett to discuss settlement potential in light of court order | 0.1 |
| 10/7/20 | Motions to stay and continue trial | Drafted response to 10.6 motion to continue and sent to co-counsel for review and comment | 0.2 |
| 10/7/20 | Motions to stay and continue trial | Reviewing motion to continue and discussing with co-counsel MB | 0.2 |
| 10/7/20 | Motions to stay and continue trial | Conferring with cocounsel about response to motion to continue and revising accordingly | 0.3 |
| 10/7/20 | Pretrial disclosures, motions, and order | Securing lodging for legal team and witnesses | 0.5 |
| 10/7/20 | Pretrial disclosures, motions, and order | Phone call with MB to plan call with expert witness WS | 0.2 |
| 10/7/20 | Pretrial disclosures, motions, and order | Call with expert witness JS and cocounsel JH and MB to discuss trial testimony and developments since the report | 1 |
| 10/8/20 | Pretrial disclosures, motions, and order | Commenting on JS testimony outline | 1 |
| 10/8/20 | Pretrial disclosures, motions, and order | Working on opening statement and power point | 1 |
| 10/8/20 | Pretrial disclosures, motions, and order | Revising proposed FOF and COL in case court requests and to serve as a template for argument | 1.3 |
| 10/8/20 | Pretrial disclosures, motions, and order | Investigating why opposing counsel asserts July fish tissue data are "invalid" | 0.9 |

| Date | Category | Description | Hours |
|---|---|---|---|
| 10/8/20 | Pretrial disclosures, motions, and order | Phone call with cocounsel MB to discuss witnesses and division of labor | 0.4 |
| 10/9/20 | Pretrial disclosures, motions, and order | Conference call with Jonathan Shefftz to prepare for upcoming trial | 1.4 |
| 10/9/20 | Pretrial disclosures, motions, and order | Investigating claims of invalidity of fish tissue sample | 0.7 |
| 10/9/20 | Pretrial disclosures, motions, and order | Reading Stephens deposition transcript | 0.6 |
| 10/9/20 | Pretrial disclosures, motions, and order | Conference call with Wane Schneiter to prepare for upcoming trial | 0.7 |
| 10/12/20 | Settlement and consent decree | Discuss settlement offer received from defendant with Mike Becher | 0.2 |
| 10/13/20 | Pretrial disclosures, motions, and order | Reviewing Shefftz outline in preparation for call with witness | 0.5 |
| 10/13/20 | Pretrial disclosures, motions, and order | Witness preparation with J. Shefftz | 1 |
| 10/13/20 | Settlement and consent decree | Call with cocounsel MB and client rep PM | 0.4 |
| 10/13/20 | Settlement and consent decree | Phone call with cocounsel and clients to discuss counteroffer from Bluestone coal | 1 |
| 10/13/20 | Settlement and consent decree | Call with VS at OVEC to discuss settlement | 0.3 |
| 10/16/20 | Settlement and consent decree | Drafting consent decree | 1.1 |
| 10/19/20 | Settlement and consent decree | Drafting consent decree and sending to co counsel for review | 1.5 |
| 1/21/21 | Attorneys' fees and costs | Working on draft fee motion and compiling fees and expenses | 0.90 |
| 1/22/21 | Attorneys' fees and costs | Preparing fee declaration, editing fee motion and brief | 3.10 |
| 2/18/21 | Attorneys' fees and costs | Revising fee motion and brief following entry of consent decree, finalizing fee declaration | 0.8 |

**TOTAL    136.1**