IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY,
APPALACHIAN VOICES, and
THE SIERRA CLUB,

        Plaintiffs,

     v.                          Civil Action No. 1:19-cv-00576

BLUESTONE COAL CORPORATION,

        Defendant.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Pursuant to FRCP 54(d), 33 U.S.C. § 1365(d), and 30 U.S.C. § 1270(d), Plaintiffs have

moved the Court for an award of attorneys' fees and costs in this case.

**Facts**

After sending their notice of intent to sue and waiting the required 60 days, the Ohio Valley

Environmental Coalition, West Virginia Highlands Conservancy, Appalachian Voices, and Sierra

Club ("Plaintiffs") filed their Complaint in this Court under § 505 of the Federal Water Pollution

Control Act ("CWA"), 33 U.S.C. § 1365, and § 520 of the Surface Mining Control and

Reclamation Act ("SMCRA"), 30 U.S.C. § 1270.  Plaintiffs alleged that Bluestone Coal

Corporation ("Bluestone"), had discharged pollutants from its Red Fox Surface Mine (the "Mine")

in violation of its permits under the CWA and SMCRA.  The Court denied Bluestone's motion to

dismiss and granted in most respects Plaintiffs' motion for summary judgment on jurisdictional

and liability issues.  Doc. 60, 73.  The Court then approved the Parties' consent decree that imposed

injunctive relief and monetary sanctions for Bluestone's violations. Doc. 115.

**Argument**

## I. Plaintiffs Are Entitled to an Award of Fees and Expenses

Plaintiffs brought this case pursuant to the citizen suit provisions of the CWA and SMCRA. The CWA citizen suit provision authorizes the Court, "in issuing any final order in any action" under that provision, to "award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate."  33 U.S.C. § 1365(d). And the citizen suit provision of SMCRA similarly authorizes the Court to award fees "whenever the court determines such award is appropriate." 30 U.S.C. § 1270(d).  Plaintiffs are fully prevailing parties—and a fee award is appropriate— because they achieved complete success on both liability and relief on their claims.  The Court found Bluestone liable for permit violations and approved the Parties' consent decree imposing injunctive relief and monetary sanctions.  Plaintiffs are therefore entitled to an award of attorneys' fees and expenses.

## II. Plaintiffs Seek a Reasonable Lodestar for Their Attorneys' Services

Courts calculating an award of attorneys' fees in a fee-shifting case must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir.2009).  A lodestar fee is the "starting point" for determining an appropriate fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

### A. The Total Number of Hours Devoted to this Litigation Was Reasonable.

The attached Declarations of Plaintiffs' counsel summarize their hours expended on this

case.  Hecker Declaration, Exhibit A; Teaney Declaration, Exhibit B; Becher Declaration, Exhibit

C.  The total hours expended by each attorney are based on their time records and are organized

into the following categories:

| Category | Related Docket Entries |
|---|---|
| Notice letter | n/a |
| Complaint and answer | 1, 61 |
| Motion to dismiss | 2-14, 60 |
| Scheduling and document discovery | 15-20, 22, 25-26, 33-34, 42-43, 45, 49, 77, 81 |
| Discovery motions | 23-24, 28, 30-32, 35-40 |
| Fact depositions | 40, 47, 79 |
| Expert reports, disclosures, and depositions | 44, 46, 50-53, 97, 106 |
| Summary judgment motions | 54-59, 73 |
| Pretrial disclosures, motions and order | 63-72, 74-76, 78, 80, 82, 102, 104-05 |
| Motions to stay and to continue the trial | 83-84, 89-93, 95, 98-101 |
| Motion to exclude | 87-88, 94, 96 |
| Plaintiffs' proposed findings and conclusions | 107 |
| Settlement discussions and consent decree | 108-113, 115 |
| Attorneys' fees and costs | 116, 117 |

The attorney time in each of these categories is summarized in the table below:

| Category | Hecker | Teaney | Becher |
|---|---|---|---|
| Notice letter | 4.75 | | 0.25 |
| Complaint | 5.75 | | 7.0 |
| Motion to Dismiss | 37.75 | 5.5 | 0.75 |
| Scheduling and document discovery | 7.75 | 6.8 | 4.0 |
| Discovery motions | 4.25 | 13.0 | 1.5 |
| Fact depositions | 10.00 | 8.2 | 23.25 |
| Experts | 17.25 | 9.0 | 18.75 |
| Summary judgment motions | 30.25 | 15.1 | 14.0 |
| Defendant's permit reissuance | | 0.4 | |
| Pretrial disclosures, motions and order | 8.00 | 14.6 | 16.5 |
| Motions to stay and continue trial | 13.00 | 38.4 | 0.25 |
| Motion to exclude | 1.50 | 4.7 | 12.0 |
| Plaintiffs' proposed findings and conclusions | 19.50 | 6.2 | 2.0 |
| Settlement and consent decree | 3.50 | 8.4 | 14.25 |
| Attorneys' fees and costs | 4.00 | 5.8 | |
| **Totals** | 167.25 | 135.3 | 114.5 |

3

The sections that follow explain more specifically why the work performed in those categories is compensable.

a.   **Notice letter.**   The CWA and SMCRA require a pre-suit notice letter.   Because compliance with the notice letter requirement is a prerequisite to filing a citizen suit, the successful plaintiff can obtain fees for work preparing that letter.   *Public Interest Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1189 (3rd Cir. 1995).   Counsel researched the permit files and prepared the notice letter alleging violations of Bluestone's CWA and SMCRA permits.

b.   **Complaint**.   Counsel researched and drafted the complaint and related papers to initiate this case.

c.   **Motion to dismiss.**   Counsel researched and responded to Bluestone's motion to dismiss, which the Court denied.   Doc. 60.

d.   **Scheduling and document discovery**.   Counsel prepared the Rule 26(a)(1) initial disclosures, Rule 26(f) report, and document requests to Bluestone, responded to Bluestone's document requests and interrogatories, and reviewed the documents that Bluestone produced.

e.   **Discovery motions.**   Counsel opposed Bluestone's motion to stay discovery and motion for a protective order, which the Court denied.   Doc. 39.   Plaintiffs withdrew their motion to compel Bluestone's responses to Plaintiffs' document requests after Bluestone agreed to a deadline for responding to those requests.   *Id.*

f.   **Fact Depositions.**   Counsel took fact depositions of four of Bluestone's employees to determine the history of permit noncompliance and corrective actions.

g.   **Expert reports, disclosures, and depositions**.   Counsel worked with their two experts—an engineering expert on the remedies for noncompliance and an economic expert on the

4

economic benefit of delayed compliance—and prepared their expert disclosures and initial and rebuttal expert reports.  Counsel analyzed the report by Bluestone's expert and took his deposition.  Counsel also defended the deposition of Plaintiffs' engineering expert.

**h.   Summary judgment motions**.   Counsel briefed Plaintiffs' motion for summary judgment on jurisdiction and liability and responded to Bluestone's cross-motion for summary judgment. The Court granted nearly all of Plaintiffs' motion (except for the standing of one of the four Plaintiffs) and denied Bluestone's motion.  Doc. 73.

**i. Defendant's permit reissuance.** Counsel consulted with Plaintiff Appalachian Voices regarding public comments on the proposed reissuance of Bluestone's permit with revised selenium limits, on which reissuance Bluestone relied as a potential defense in this action.

**j.  Pretrial disclosures, motions and order**.   Counsel prepared initial and supplemental Rule 26(a)(3) disclosures, drafted Plaintiffs' portion of the pretrial order, and prepared for trial.

**k.  Motions to stay and continue trial.**  Counsel opposed Bluestone's motions to stay and continue the trial.  The Court denied the stay, but then granted a short continuance.  Doc. 99, 103.

**l.  Motion to exclude.**  Plaintiffs filed a motion to exclude late disclosed information related to the expert testimony by Bluestone's expert Barry Doss.  The Court did not decide this motion before the parties reached a settlement.

**m.  Plaintiffs' proposed findings and conclusions.**  Counsel prepared a 17-page brief of proposed findings of fact and conclusions of law for their claims.

**n.  Settlement and consent decree.**  Counsel negotiated the terms of a consent decree which imposed injunctive relief and monetary sanctions for the permit violations alleged by Plaintiffs.  The Court approved and entered the decree. Doc. 115.

**o. Attorneys' fees**.  Counsel prepared this motion for fees and costs, and the supporting fee records and attorney declarations.  This work is compensable.  *Mercer v. Duke University*, 401 F.3d 199, 202 n. 3 (4th Cir. 2005).

All of this work was reasonably necessary to achieve the success obtained by Plaintiffs in this case.  Bluestone denied liability until shortly before the trial date.  Plaintiffs therefore had no alternative but to litigate this case fully.  At the same time, Plaintiffs streamlined the case as much as possible by limiting their legal work to the amount needed to secure a favorable result.  The total hours in this case are reasonable and reflect counsel's considerable experience in litigating these types of citizen suits efficiently.

### B.    Plaintiffs Seek Reasonable Hourly Rates for Their Counsel.

The second component of a lodestar calculation is a "reasonable" hourly rate.  Ordinarily, a reasonable rate is one within the range of rates prevailing in the community in which the case is filed.  *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984); *National Wildlife Federation v. Hanson*, 859 F.2d 313, 317 (4th Cir. 1988).  The court may account for delay in payment during the course of the litigation "either by using a fee rate based on the current market or by using the historical fee rate with reasonable interest added."  *Ohio River Valley Environmental Coalition, Inc. v. Green Valley Coal Co.*, 511 F.3d 407, 419 (4th Cir. 2007).

Counsels' requested hourly rates are shown in the chart below and are based on the current hourly rates in this district for complex environmental litigation:

|  | Hourly Rate | Years of Experience |
|---|---|---|
| Hecker | $475 | 43 |
| Teaney | $355 | 17 |
| Becher | $310 | 11 |

Because all of Plaintiffs' counsel are public interest attorneys who work on salary and do not regularly bill an hourly rate to paying clients, their rates are best judged by the contingent fees they have obtained in settlements and fee awards in similar federal litigation. The evidence supporting those rates is described in counsel's declarations.

The rates requested here are consistent with the hourly rates that these three attorneys have obtained in recent fee awards and settlement agreements in CWA citizen suits litigated in West Virginia federal courts. *See* Hecker Decl., ¶ 4; Teaney Decl., ¶¶ 21–56; Becher Decl., ¶¶ 15-18. Those rates have increased in tandem with counsel's increasing experience. In May 2017, this Court awarded $450 per hour for Mr. Hecker and $260 an hour to Mr. Becher in a similar CWA citizen suit. *Ohio Valley Environmental Coalition v. Fola Coal Co., LLC,* Civ. No. 2:13-cv-21588, 2017 WL 1712525, at *4 (S.D. W. Va. May 2, 2017). In January 2020, this Court found Mr. Teaney's hourly rates to be reasonable in light of his experience and expertise. *Ohio Valley Environmental Coalition v. Wheeler*, Civ. No. 3:15-cv-0271, 2020 WL 247312, at *3 (S.D. W. Va. Jan. 15, 2020) (Chambers, J.). In January 2021, the United States District Court for the Northern District of West Virginia approved a consent decree in a similar CWA citizen suit that applied the same hourly rates at those requested in this case. *Ohio Valley Environmental Coalition v. Eagle Natrium, LLC*, Civil No. 5:19-cv-00236, Doc. 88 at 10 (N.D. W.Va. Jan. 26, 2021). The decisions and rates in those cases support the requested here. *Wolfe v. Green*, Civ. No., 2:08-cv-01023, 2010 WL 3809857, at *6 (S.D. W.Va. Sept. 24, 2010) (Copenhaver, J.) (hourly rates may be based on fee awards in similar cases).

Based on the hours and rates explained above, the lodestars for the attorneys and paralegals in this case are summarized in the following table:

| | Total Hours | Hourly Rate | Yrs. Exp. | Fees |
|---|---|---|---|---|
| Hecker | 167.25 | $475.00 | 43 | $79,443.75 |
| Teaney | 136.1 | $355 | 17 | $48,315.50 |
| Becher | 114.5 | $310 | 11 | $35,495 |
| **Total** | | | | $163,254.25 |

## II.    Plaintiffs' Attorneys' Expenses Are Reasonable

Plaintiffs are entitled to seek their attorneys' expenses reasonably and necessarily incurred in connection with their pursuit of Plaintiffs' claims.  Compensable expenses are not limited to those taxable as statutory costs, but also include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988).  Based on these principles, Public Justice incurred $659.96 in expenses and Appalachian Mountain Advocates incurred $4,353.79 in expenses.  The expenses are detailed in the attached declarations.  Hecker Decl., ¶ 8; Teaney Decl., ¶ 60.

## III.    Plaintiffs' Expert Witness Fees Are Reasonable

Plaintiffs are also entitled to seek their expert witness fees. 33 U.S.C. § 1365(d) (including reasonable expert witness fees in the "costs of litigation."); 30 U.S.C § 1270(d) (same). Plaintiffs relied on two expert witnesses in this case, who each prepared expert reports as testifying experts.  Their fees are listed in the table below and total $19,044.94.   This case involved complicated engineering/injunctive relief issues relating to selenium treatment technology and economic/civil

penalty issues relating to Bluestone's economic benefit from its delayed compliance with its permit. Both of Plaintiffs' experts were necessary to present Plaintiffs' claims and rebut the opinions of Bluestone's expert and witnesses.

| Expert | Hourly Rate | Total Fees |
|---|---:|---:|
| Schefftz | $200 | $9,164.94 |
| Schneiter | $190 | $9,880.00 |
| **Total** | | $19,044.94 |

### Conclusion

For these reasons, Plaintiffs request that the Court grant its motion and award attorneys' fees in the amount of $163,254.25, and expenses in the amount of $19,044.94, for a total of $182,299.19.

Respectfully submitted,

**/s/ J. Michael Becher**
J. MICHAEL BECHER (WVBN 10588)
DEREK O. TEANEY (WVBN 10223)
APPALACHIAN MOUNTAIN ADVOCATES, INC.
P.O. Box 507
Lewisburg, WV 24901
Telephone:    (304) 382-4798
Email: mbecher@appalmad.org

JAMES M. HECKER (*pro hac vice*)
PUBLIC JUSTICE
1620 L Street, NW Suite 630
Washington, DC 20036
Telephone:    (202) 797-8600, ext. 225
Email: jhecker@publicjustice.net

*Counsel for Plaintiffs*

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD DIVISION**

**OHIO VALLEY ENVIRONMENTAL**
**COALITION, WEST VIRGINIA**
**HIGHLANDS CONSERVANCY,**
**APPALACHIAN VOICES, and**
**THE SIERRA CLUB,**

        **Plaintiffs,**

**v.**                                      **Civil Action No. 1:19-cv-00576**

**BLUESTONE COAL CORPORATION,**

        **Defendant.**

**CERTIFICATE OF SERVICE**

I, J. Michael Becher, hereby certify that, on February 24, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to each of the following CM/ECF participants:

MICHAEL W. CAREY
S. BENJAMIN BRYANT
CAREY, SCOTT, DOUGLAS & KESSLER, PLLC
707 Virginia Street, East, Suite 901
P.O. Box 913
Charleston, WV 25323
mwcarey@csdlaw.com
sbbryant@csdlawfirm.com
*Counsel for Defendants*

                          **/s/ J. Michael Becher**
                          J. Michael Becher (WVBN 10588)